IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

ABIGAIL HANGER, J.R. COLLINS, CHRIS )
HOWARD, JEANETTE ALEXANDER )
COLLINS, JULIA FULWIDER and STEVEN )
FERRELL, individually and on behalf of all )
others similarly situated, )
)
                  Plaintiffs, )
)
v. ) Civil Action No.: 5:13-CV-00113-MFU
)
THE BERKLEY GROUP, INC., )
GREAT EASTERN RESORT CORPORATION, )
and WILLIAMSBURG PLANTATION, INC., )
)
                  Defendants. )
_____)

## DEFENDANTS' MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Berkley Group, Inc. ("Berkley"), Great Eastern Resort Corporation ("Great Eastern"), and Williamsburg Plantation, Inc. ("Williamsburg Plantation") (collectively, "Defendants"), respectfully submit this Memorandum of Law in Partial Opposition to Plaintiffs' Motion for Leave to File Amended Complaint, asking the Court to deny Plaintiffs' request to add Proposed Count Three, which alleges violations of the Virginia Business Conspiracy Act, Va. Code Ann. § 18.2-499. Defendants do not oppose Plaintiffs' Motion with respect to the other proposed amendments to the Complaint.

### PRELIMINARY STATEMENT

Plaintiffs' motion to amend their Complaint to add a claim for a violation of the Virginia Business Conspiracy Act, Va. Code Ann. § 18.2-499 ("Proposed Count Three") must be denied

1

as futile because Proposed Count Three cannot survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. In Proposed Count Three, Plaintiffs complain that Defendants entered into a "no-solicitation and no hiring agreement" with a competitor which injured Plaintiffs' employment interests. Proposed Am. Compl. ¶ 131, Oct. 1, 2014, ECF No. 53-1. Plaintiffs specifically allege that "[t]his agreement suppressed competition between Berkley and Bluegreen for skilled workers, with the natural and intended effect of reducing their compensation, and limiting affected employees' ability to secure better compensation, benefits, and working conditions." *Id*. Paragraph 138(b) of the Proposed Amended Complaint further alleges that the effect of the alleged conspiracy was that "Plaintiffs and members of the Class have received lower compensation than they otherwise would have received in the absence of this unlawful conspiracy." *Id.* at ¶ 138(b). Furthermore, Plaintiffs describe the purported "injury" from the alleged violation of the Virginia Business Conspiracy Act as "artificially reduced compensation, decreased ability to secure better compensation, benefits, and working conditions, and other injuries caused by Berkley's conspiracy with Bluegreen." *Id.* at ¶ 140.

"[I]t is well-settled that [Section 18.2-499] applies only to injuries 'to business and property interests, not to personal or employment interests.'" *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (quoting *Andrews v. Ring,* 266 Va. 311, 585 S.E.2d 780, 784 (2003)). Because Plaintiffs' Proposed Amended Complaint asserts injuries only to their personal or employment interests, Section 18.2-499 is inapplicable to their claims and leave to amend to add Proposed Count Three must be denied as futile. On the other hand, Defendants do not object to the other proposed amendments to the Complaint.

## FACTUAL BACKGROUND

This litigation arises from a settlement agreement entered into between Defendants and a non-party, Bluegreen Corporation ("Bluegreen") to settle tortious interference litigation, which arose from intentional violations of the covenants not to compete in Defendants' employment agreements. Defendants market and sell timeshare properties throughout the United States, including in Virginia, and hire timeshare sales personnel. *See* Defs.' Mem. of Law in Supp. of Defs.' Partial Mot. to Dismiss at 1-2, Jan. 24, 2014, ECF No. 14. Defendants' timeshare sales employees had written employment contracts with Great Eastern and Williamsburg Plantation, which contained noncompete and nonsolicitation covenants. *Id.*

Bluegreen competes with Defendants in the timeshare industry. In mid-2005 to 2006, Bluegreen tortiously interfered with Great Eastern's and Williamsburg Plantation's employment contracts by hiring away their employees and inducing the employees to violate their employment agreements. *Id.* As a result, Defendants filed multiple lawsuits against Bluegreen. To settle the tortious interference litigation, Defendants and Bluegreen entered into a Global Settlement Agreement ("GSA"), under which the parties agreed to honor each other's enforceable employment agreements with their respective employees. *Id.* The terms and implementation of the GSA are at issue in this litigation.

On December 11, 2013, Plaintiffs filed a Class Action Complaint alleging two counts—that the GSA and its enforcement violates (1) federal antitrust laws, 15 U.S.C. § 1; and (2) the Virginia Antitrust Act, Va. Code Ann. § 59.1-9.5. Discovery is currently ongoing and on October 1, 2014, Plaintiffs moved the Court for leave to file an amended complaint. *See* Pls.' Mot. for Leave to File Am. Compl., Oct. 1, 2014, ECF No. 53.

In the Proposed Amended Complaint, Plaintiffs add a new claim in Proposed Count Three, which alleges that Berkley and Bluegreen violated the Virginia Business Conspiracy Act, Va. Code Ann. § 18.2-499. In support of these allegations, Plaintiffs allege that Berkley and Bluegreen wilfully and maliciously conspired to injure Plaintiffs and proposed class members "by eliminating competition for their labor services" and by "preventing or hindering these employees from obtaining employment with another employer." Proposed Am. Compl. ¶¶ 133-34. In particular, Plaintiffs allege that the "injury" and "effect" resulting from this conspiracy consisted of "reducing their compensation, and limiting affected employees' ability to secure better compensation, benefits, and working conditions." *Id.* at ¶¶ 131, 138(b) & 140. Thus, it is clear that the injuries alleged in this proposed new claim are to the Plaintiffs' employment and personal interests. As shown below, amending the Complaint to add this claim is futile because the Virginia Business Conspiracy Act does not apply to injuries to employment or personal interests.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." A court may deny a party's request for leave to amend "'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *CVLR Performance Horses, Inc. v. Wynne*, 977 F. Supp. 2d 598, 602 (W.D. Va. 2013) (quoting *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 (4th Cir. 2004)). Denying a request for leave to amend on the ground of futility is proper only "when the proposed amendment is clearly

insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

## ARGUMENT

**Amending the Complaint to Add Proposed Count Three is Futile**

Plaintiffs' attempt to add Proposed Count Three, which asserts a violation of Virginia's Business Conspiracy Act, is clearly futile. To recover for a violation of Section 18.2-499, a plaintiff must establish that the defendant injured the plaintiff in "in his reputation, trade, business or profession." Va. Code Ann. § 18.2-499. "Despite its broad language, it is well-settled that this statute applies only to injuries 'to business and property interests, not to personal or employment interests.'" *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (quoting *Andrews v. Ring*, 266 Va. 311, 585 S.E.2d 780, 784 (2003)). The Virginia business conspiracy statute is thus limited in its application to corporations and to individuals who own and operate a business, and not to employees who have no independent business interest. *See Moore v. Allied Chem. Corp.*, 480 F. Supp. 364, 374 (E.D. Va. 1979) ("The statute does not restrict its coverage to corporations; by speaking of injury to 'another in his reputation, trade, business or profession,' Section 18.2–499 also protects individuals who own and operate a business.").

Courts consistently have held that Section 18.2-499 does not apply to injuries to personal or employment interests. In *Shirvinski*, for example, the plaintiff subcontractor sued the United States Coast Guard and a separate contractor for allegedly conspiring to terminate his at-will consulting employment agreement to work on a government project. *Shirvinski*, 673 F.3d at 312. The Fourth Circuit held the statute was inapplicable to the plaintiff, stating:

5

> [Plaintiff]'s injuries . . . are of a personal dimension. At the time he was removed from the Deepwater Project, he neither owned a company, did business as a separate organization, nor had a separate tax identification number for his contractor status. Thus, appellant suffered damage only to his *personal* employment prospects. But because 'injury to personal reputation ordinarily causes damage to one's business or profession, nearly every defamation action would fall within' the statute's ambit if we permitted such claims to proceed. Virginia's business conspiracy statute was not designed to provide treble damages for defamation suits cloaked as conspiracy claims.

*Shirvinski*, 673 F.3d at 321 (*quoting Moore v. Allied Chem. Corp.*, 480 F. Supp. 364, 375 n. 3 (E.D.Va.1979). The court thereafter affirmed the dismissal of the business conspiracy count.

Courts within this district adhere to this principle. For instance, in *Warner v. Buck Creek Nursery, Inc.*, this Court dismissed a Section 18.2-499 conspiracy claim in which the plaintiff alleged his former employer and several employees "'willfully and maliciously combined, associated, mutually undertook, and conspired for the purpose of injuring [his] reputation and business reputation'" which caused damage to his future employment. 149 F. Supp. 2d 246, 266 (W.D. Va. 2001) (quoting the plaintiff's complaint). This Court held that because the plaintiff "based his conspiracy claim on injury to his personal or employment (as opposed to business) interests, [the plaintiff] failed to state a claim under Section[ ] 18.2-499" and rejected the argument that prospective employment interests were covered by the statute. *Id.* at 267.

This Court recently affirmed this principle in *Jaggars v. Sandy Spring Bank*, No. 6:14-CV-00015, 2014 WL 2882003 at *2 n.1 (W.D. Va. June 25, 2014). In that case, the plaintiff alleged that the defendants conspired to injure his business of investing in residential real estate. The court found that the plaintiff did not plead a business interest and noted that "[n]early all of the cases addressing the business/personal distinction find that employment interests, including damage to one's professional reputation, are personal interests rather than business interests." *Id.* (citing *Shirvinski* and other cases dealing with employment interests)).

6

Likewise, a court in the Eastern District of Virginia recently reiterated this interpretation of Section18.2-499. In *Muwonge v. Dep't of Juvenile Justice*, a former employee sued her former employer, alleging that her supervisors conspired to terminate her in violation of Section 18.2-499. No. 3:13-CV-00438-JAG, 2014 WL 4792233, at *5 (E.D. Va. Sept. 24, 2014). The court applied *Shirvinski* to dismiss this claim holding that this employment issue falls outside the scope of the Virginia business conspiracy statute. *Id.* ("The Fourth Circuit has long held that § 18.2-499 'applies only to injuries to business and property interests, not to personal or employment interests.'" (quoting *Shirvinski*, 673 F.3d at 321)).

Plaintiffs' new claim is exactly the same as the claims asserted by the plaintiffs in *Warner* and *Muwonge*. Specifically, in the Proposed Amended Complaint, Plaintiffs allege that Berkley and Bluegreen acted together "for the purposes of willfully and maliciously injuring Plaintiffs and proposed class members in their reputations, trade, business of labor by eliminating competition for their labor services" and by "preventing or hindering these employees from obtaining employment with another employer." Proposed Am. Compl. ¶¶ 133-34. These are the same allegations this Court in *Warner* held relate to an employment interest and are thus insufficient to state a claim under Section 18.2-499. Moreover, the injuries that Plaintiffs allege in this new claim are reduced compensation and reduced ability to secure better compensation, benefits and working conditions, which unquestionably are injuries to employment and personal interests. *See id.* at ¶¶ 138(b) & 140.

Lastly, the proposed class definition describes Plaintiffs as current and former timeshare sales personnel who were employed by Defendants during the class period and who were allegedly injured because they are unable to obtain similar sales employment with Defendants'

competitors. There are no allegations in the Proposed Amended Complaint that Plaintiffs own or conduct any businesses. Plaintiffs also do not allege that they are independent contractors of Defendants or that they have tax identification numbers separate from their employment. There are no such allegations because the facts are that Plaintiffs were sales employees of the Defendants. Plaintiffs thus allegedly suffered damage to only their personal employment interests and prospects. That is simply not the type of injury Section 18.2-499 was designed to address.

Because employment interests are categorically outside the reach of Section 18.2-499, Proposed Count Three is certain to be dismissed for failure to state a claim. Accordingly, leave to amend the Complaint to add Proposed Count Three should be denied because it is futile.

## **CONCLUSION**

Virginia's business conspiracy statute applies only to injuries to business interests, not personal employment injuries. Defendants thus respectfully ask the Court to deny Plaintiffs' request to amend their Complaint to add Proposed Count Three.

DATED this 20th day of October, 2014.

> Respectfully submitted,
>
> THE BERKLEY GROUP, INC.,
> GREAT EASTERN RESORT CORPORATION,
> WILLIAMSBURG PLANTATION, INC.
>
> By: /s/ Howard Feller
>     *Counsel for Defendants*

M. Peebles Harrison (VSB No. 34292)
Rose Harrison & Gilreath, P.C.
Post Office Box 405
700 Blue Jay Street, Suite 1
Kill Devil Hills, North Carolina 27948
Telephone: (252) 480-1414
Facsimile: (252) 480-1765
Email: peebles@outerbankslaw.com

Howard Feller (VSB No. 18248)
Providence E. Napoleon (VSB No. 82932)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone: (804) 775-1000
Facsimile: (804) 698-1061
Email: hfeller@mcguirewoods.com
      pnapoleon@mcguirewoods.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 20, 2014, a true and correct copy of the foregoing ***Defendants' Memorandum of Law in Partial Opposition to Plaintiffs' Motion for Leave to File Amended Complaint*** was presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic filing to the following:

> Mr. Timothy L. Coffield
> 5374 Gordonsville Road
> Keswick, Virginia 22947
> Email: tc@coffieldlaw.com

By: /s/ Howard Feller
*Counsel for Defendants*